MICHAEL P. HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 8751-78.
United States Tax Court
T.C. Memo 1979-316; 1979 Tax Ct. Memo LEXIS 212; 38 T.C.M. (CCH) 1225; T.C.M. (RIA) 79316; August 14, 1979, Filed Michael P. Hamilton, pro se. Thomas G. Hodel, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1976 in the amount of $837, together with additions to tax under section 6651(a) in the amount of $209.25, under section 6653(a) in the amount of $41.85, and under section 6654 in the amount of $31.16. The error alleged in the petition is that "the Internal Revenue Service has failed to prove that a tax liability exists for the year 1976." At the trial of the case, petitioner offered no evidence to show *213 that respondent erred in determining the deficiency or additions to tax even though the Court explained to him that he had the burden of proof. . Petitioner limited his case to an attack on the Court's jurisdiction. His argument, as we understand it, is that Federal Courts may be given jurisdiction under the Constitution only to hear and decide criminal cases and civil cases between private litigants. He argues that the United States Government may not sue or be sued in civil cases in the courts it has created. He emphasizes that this position has not been "contested since the 1800's." We are not aware that the jurisdiction of the Federal Courts has ever been seriously contested on this ground. None of the standard "tax protestor" political materials, consisting mainly of random excerpts taken out of context from various historical documents, provide any support for petitioner's position. The jurisdiction of this Court to redetermine tax deficiencies has been sustained repeatedly. See, e.g., ; , *214 and cited cases. Petitioner's contention that this Court lacks jurisdiction to hear and decide his case is frivolous. Since petitioner has offered no evidence to show that respondent erred in determining the deficiencies or additions to tax in issue, Decision will be entered for the respondent.